UNITED STATES of America,
Plaintiff—Appellee,

v.

David Lindon HARPINE, Defendant—
Appellant.

No. 02–35101.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 2003.

Decided Aug. 4, 2003.

Before: SCHROEDER, Chief Judge, HUG, and BERZON, Circuit Judges.

MEMORANDUM *

David Harpine appeals the district court's denial of his 28 U.S.C. § 2255 petition to vacate his conviction and sentence. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

Harpine contends that his conviction must be reversed because his trial attorney operated under a conflict of interest that deprived him of his Sixth Amendment right to effective counsel. Alternatively, he argues that the district court erred by refusing to grant an evidentiary hearing on his conflict-based ineffective assistance of counsel claims.

■ 1. If a trial court fails to inquire into a potential conflict of interest about which it knew or reasonably should have known, the defendant's conviction will not be reversed unless the defendant establishes that his counsel was laboring under

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

an actual conflict of interest that affected counsel's performance. *Mickens v. Taylor,* 535 U.S. 162, 122 S.Ct. 1237, 1243–44, 152 L.Ed.2d 291 (2002).

Although the present record does not so establish, we will assume that Harpine could prove at an evidentiary hearing that his attorney was operating under an actual conflict of interest while representing him. Neither in the habeas proceedings nor in his briefs before this court, however, does Harpine assert any facts connecting counsel's alleged conflict of interest and his allegations of deficient performance. In his brief on appeal, Harpine specifies only one error by his counsel resulting from her alleged conflict of interest: counsel's failure to challenge the sufficiency of his indictment pursuant to the principles set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi,* however, was not decided until June of 2000, three years after Harpine's trial took place. Harpine offers no reasons why his attorney should be considered deficient for failing to invoke law that was not yet developed at the time of his trial, nor does he offer in the record any basis for ascribing the failure to anticipate *Apprendi* to the asserted conflict.

 2. Harpine's request for an evidentiary hearing was also properly denied. An evidentiary hearing on habeas claims must be granted "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Mere conclusory statements in a § 2255 motion are insufficient to mandate an evidentiary hearing. *United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir.1980). Although the moving party is not required to detail his evidence, he must "make factual allegations" to establish his right to a hearing. *Id.*

Harpine has failed to make fact-based allegations that his attorney's acts or omissions resulted from her alleged conflict of interest. His allegations are conclusory in nature. Particularly where, as here, the record indicates that his attorney as a general matter zealously represented him at trial and sentencing proceedings, we cannot order an evidentiary hearing in the absence of any explanation whatsoever of any asserted connection between an actual conflict and the conduct of the trial. The district court did not err by denying Harpine's request for an evidentiary hearing.

**AFFIRMED.**